**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0687n.06
Filed: September 24, 2007

**Case No. 06-1520**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| LOREN REGELIN, | ) | |
| Plaintiff-Appellant, | ) | |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
| ANDREW JACKSON, Warden, | ) | DISTRICT OF MICHIGAN |
|  | ) | |
| Defendant-Appellee. | ) | |
|  | ) | |

**BEFORE: BATCHELDER and GILMAN, Circuit Judges; VARLAN,** [*] **District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.** Loren Regelin was convicted by a state-court jury on a charge of conspiracy to deliver 225 to 649 grams of cocaine. The state-trial court sentenced him to life in prison as a repeat drug offender and Regelin appealed. The Michigan Court of Appeals affirmed and the Michigan Supreme Court denied leave to appeal. Regelin never raised a claim on direct appeal that he was prejudiced by his attorney's alleged conflict of interest, but first raised it on a subsequent motion for relief from judgment.

Regelin then petitioned for post-conviction relief, raising a claim that his trial counsel had a conflict of interest and raising numerous other claims as well. The state trial court held an evidentiary hearing on Regelin's conflict-of-interest claim and ultimately denied the claim as having been procedurally defaulted. Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal.

---

[*] Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Regelin next petitioned the United States District Court for the Eastern District of Michigan for habeas relief, raising the conflict-of-interest claim, a claim of ineffective assistance of appellate counsel, and several other claims. The district court denied the petition on the basis that Regelin could not establish cause and prejudice sufficient to overcome his procedural default of the conflict claim and finding the remaining claims either procedurally defaulted or meritless. The district court granted a certificate of appealability on the conflict-of-interest claim and this court granted a certificate of appealability on his claim of ineffective assistance of appellate counsel.

After carefully reviewing the record, the law, the briefs and arguments of counsel, we conclude that the district court's opinion correctly sets out the applicable law and correctly applies that law to the facts contained in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.